UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVEN J. OSTERMAN,

    Plaintiff,

  v.                                                         Case No. 17-C-517

JOHN KIES,
ANDREW WESNER, and
NATHAN BEIER,

    Defendants.

---

## DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION

---

    This matter comes before the court on Plaintiff Steven J. Osterman's motion for reconsideration of this court's May 9, 2018 decision granting the defendants' motion for summary judgment. For the following reasons, Osterman's motion will be denied.

    A motion for reconsideration serves a very limited purpose in federal civil litigation. It should only be used "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Osterman argues that the court's decision was premised on manifest errors of law and fact. After giving consideration to Osterman's arguments, the court concludes there is no basis to alter the May 9, 2018 decision. Again, Osterman asserts the court erred in finding the defendants were not deliberately indifferent to his medical needs. He claims Kies was deliberately indifferent because he ignored the accommodation paperwork regarding Osterman's paruresis. But as the court explained, although Osterman had special accommodations for paruresis, he did not establish that Kies knew or suspected that failing to follow the accommodations would exacerbate a heart condition Kies did not know existed. In other words, Osterman did not show that Kies knowingly exposed him to a substantial danger to his health for no good reason. In addition, Osterman has not shown that Beier and Wesner were deliberately indifferent to his medical needs relative to his need for a privacy accommodation, as the record demonstrates that these officers worked with Osterman to devise a modified accommodation so that Osterman could provide a urine sample. Osterman has not offered any factual or legal argument that convinces the court that its May 9, 2018 decision was in error. Accordingly, the motion will be denied.

**IT IS THEREFORE ORDERED** that Osterman's motion for reconsideration (ECF No. 40) is **DENIED**.

Dated this   22nd   day of May, 2018.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court